**UNITED STATES of America**

v.

**Philip A. GIORDANO**

**No. 3:01CR216 (AHN).**

United States District Court,
D. Connecticut.

June 11, 2003.

---

an eighteen-count superseding indictment charging Giordano with (1) depriving two minor children of their due process liberty right to be free from sexual abuse in violation of 18 U.S.C. § 242 (Counts One and Two); (2) conspiring to knowingly initiate the transmission of the minor victims' names by using facilities and means of interstate and foreign commerce in violation of 18 U.S.C. §§ 2425 and 371 (Count Three); and (3) knowingly initiating the transmission of the minor victims' names by using facilities and means of interstate and foreign commerce with the intent to entice, encourage, offer, and solicit them to engage in sexual activity in violation of 18 U.S.C. § 2425 (Counts Four through Eighteen).

The case was tried to a jury on March 12 through March 24, 2003. On March 25, 2003, the jury returned verdicts of guilty on seventeen out of the eighteen counts in the superseding indictment. The jury was unable to reach a verdict on Count Ten.

### STANDARD FOR RULE 29

Rule 29(c) of the Federal Rules of Criminal Procedure states in pertinent part that "[i]f a verdict of guilty is returned[,] the court may on such motion set aside the verdict and enter a judgment of acquittal." Fed.R.Crim.P. 29(c). The test under Rule 29(c) is whether, on the evidence presented, "a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Lieberman,* 637 F.2d 95, 105 (2d Cir.1980). In deciding such a motion, the court must "view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor." *United States v. Tubol,* 191 F.3d 88, 97 (2d Cir. 1999). Viewing the evidence "not in isolation but in conjunction," the court must reject the defendant's challenge if "any rational trier of fact could have found the essential elements of the crime." *Id.* Stat-

John A. Danaher, III, U.S. Attorney's Office, Hartford, CT, John A. Marrella, Peter S. Jongbloed, U.S. Attorney's Office, New Haven, CT, for Plaintiff.

## RULING ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

NEVAS, District Judge.

Defendant Philip A. Giordano ("Giordano") has filed a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure [doc. # 229]. For the reasons discussed below, the motion is denied.

### BACKGROUND

The facts of this case are well known to the Defendant and the government. On September 12, 2001, a grand jury returned

ed differently, if the court "concludes that either of two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the issue." *Lieberman*, 637 F.2d at 105. All issues of credibility must be resolved in favor of the jury's verdict. *See United States v. Chang An–Lo*, 851 F.2d 547, 554 (2d Cir.1988).

## DISCUSSION

### I. *Civil Rights Charges*

With respect to Counts One and Two, Defendant contends that the victims did not have a federally protected right under 18 U.S.C. § 242 to be free from aggravated sexual abuse because the alleged conduct did not occur within the territorial or special maritime jurisdiction of the United States and Defendant did not cross state lines in committing the offense. The parties previously briefed this issue, and the Court expressly rejected this argument. *See* Ruling on Motions to Dismiss, dated July 29, 2002, at 8–13.

■ Defendant also claims that the evidence was insufficient as a matter of law to prove beyond a reasonable doubt that he acted under color of law when committing the acts of sexual abuse charged in Counts One and Two. The court finds, however, that the government presented overwhelming evidence showing Defendant acted under color of law, including the following: (1) that Defendant was the Mayor of the City of Waterbury throughout the entire time that he was sexually abusing the two minor victims; (2) that Defendant cloaked himself with the trappings of official authority, including a police-type badge, a cellular phone that was paid for by the City, and an unmarked Waterbury police cruiser with lights and a siren, which was available for his use 24 hours a day; and (3) that Defendant, as Mayor of Waterbury, had promulgated a sexual harassment policy, thereby corroborating his knowledge that sexually explicit conduct in the workplace could be viewed as coercive. In fact, Defendant admitted on cross-examination that forcing minor children to have sex with him would constitute a violation of their civil rights. Thus, the court denies Defendant's motion with respect to Counts One and Two.

### II. *Conspiracy and Section 2425 Counts*

Next, Defendant claims that no federal jurisdiction existed for the offenses enumerated in Counts Three through Nine and Eleven through Eighteen because the phone calls identified therein were made between persons in Connecticut. Section 2425 of the United States Code requires that the act in question involve the transmission of certain information through the mails or through a facility of interstate commerce. Defendant contends that because the cellular telephone calls made by Defendant were intrastate in nature, the telephones used to make these calls cannot be considered facilities of interstate commerce.

■ The court, however, has already rejected this Defendant's argument in the context of his previously filed motion to dismiss. In its ruling, the court noted that Defendant's position is inconsistent with the Second Circuit's ruling in *United States v. Gil*, 297 F.3d 93, 100 (2d Cir. 2002), and with the Supreme Court's ruling in *United States v. Lopez*, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), because the interstate commerce inquiry must "focus on the nature of the instrumentalities, not how they were used." Ruling on Motions to Dismiss, dated July 29, 2002, at 8. The court further found that the cellular telephones in this case "are part of a larger interstate network, and even though the calls at issue were intrastate, they were made through an interstate facility. As such, there would be a sufficient basis for the jurisdictional element of the § 2425 charges." *Id.*

In addition, at the conclusion of the government's case-in-chief and again at the close of evidence, the court denied the Defendant's Rule 29 motions, which were also based on the government's alleged failure to establish federal jurisdiction. As the court stated at that time, a defendant's mere use of the mail or any facility of interstate commerce is sufficient to establish federal jurisdiction under section 2425.

■ The government, moreover, presented at trial the uncontroverted testimony of two cellular telecommunications engineers, Richard Iozzo of Nextel and Donald Richardson of Cingular Wireless, who established that cellular phones were "an integral part of an interstate [telecommunications] system" for purposes of federal jurisdiction. *See United States v. Gilbert*, 181 F.3d 152, 158–159 (1st Cir.1999). Mr. Iozzo testified that all Nextel calls made from Connecticut during the period in question would have been routed through a Nextel switching station located in White Plains, New York. As a result, the calls made by Defendant on his Nextel cellular phone were necessarily interstate phone calls. In addition, both engineers testified that their companies' telecommunications infrastructure is integrated into the Public Telephone Switching Network, a national and international network of telephone lines, switching stations, and cell towers.

■ Finally, the court finds that there was overwhelming evidence presented at trial to sustain the guilty verdicts on Counts Three through Nine and Eleven through Eighteen. This evidence included the direct testimony of Guitana Jones and the minor victims, which indicated that Defendant and Jones had arranged for sexual liaisons between Defendant and the minor victims on numerous occasions from November 2000 to July 2001. Various other witnesses corroborated the testimony of Jones and the minor victims, including several of Jones's drivers and a legal secretary employed by Defendant's former law firm. Defendant's own statements in more than 100 intercepted telephone conversations further substantiated the testimony of Jones and the minor victims. Thus, in consideration of this ample evidence, the court has no basis for disturbing the jury's unanimous guilty verdict on Counts One through Nine and Eleven through Eighteen.

## CONCLUSION

For the reasons discussed above, Giordano's motion for judgment of acquittal [doc. # 229] is DENIED.